**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Samuel T. Dash,<br><br>                                      Plaintiff,<br><br>                    -v-<br><br>Nicholas F. Russo, *Police Officer*; P.O. Guardino, *Police Officer*; Robert V. Verlotte, *Police Lieutenant*,<br><br>                                      Defendants. | 2:26-cv-2580<br>(NJC) (AYS) |

## <u>ORDER</u>

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an application to proceed in forma pauperis ("IFP") filed by pro se Plaintiff Samuel T. Dash. (*See* Compl., ECF No. 1; IFP App., ECF No. 3.) For the reasons set forth below, the application to proceed IFP is denied without prejudice and with leave to renew **within 21 days** by filing the enclosed IFP application with a response to each question on the application. Alternatively, Dash may pay the $405.00 filing fee within 21 days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to

the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Dash's application does not provide sufficient information for the Court to reasonably conclude that he is unable to afford the filing fee. To be sure, Dash has provided a response only to questions 1, 3 and 4 and has left the response space to every other question on the IFP application blank. (*See* IFP App., ECF No. 3.) As is readily apparent, Dash's present application does not sufficiently present his current financial position and raises more questions than it answers. (*See id.*)

Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed IFP application. Alternatively, Dash may pay the $405.00 filing fee. Dash shall either file the renewed IFP application or remit the filing fee within 21 days from the date of this Order or the Complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
      June 23, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge
